IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD SAXTON,            )
                            )
           Plaintiff,       )
                            )
v.                          )        1:22CV65
                            )
DENIS MCDONOUGH,            )
                            )
           Defendant.       )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Denis McDonough, Secretary, of the Department of Veterans Affairs. (Docket Entry 22.) Plaintiff Reginald Saxton has responded to Defendant's motion. (Docket Entries 27, 28.) The matter is ripe for disposition. For the following reasons, the undersigned recommends that Defendant's motion to dismiss be granted.

### I. BACKGROUND

Plaintiff initiated this action with a Complaint and numerous attachments filed in the United States District Court for the District of Columbia on June 25, 2021. (*See generally* Compl., Docket Entries 1, 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 2.) This matter was transferred to the United States District Court for the Middle District of North Carolina on January 26,

2022. (Docket Entries 14, 15, 16.)[1] In his Complaint, Plaintiff brings a retaliation and a hostile work environment harassment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (*See generally* Compl.)

Plaintiff alleges that he is a disabled veteran and was employed as a housekeeping aide at the W.G. Hefner Veterans Affairs Medical Center (VAMC) in Salisbury, North Carolina from April 4, 2016 until his termination on October 7, 2019. (Compl. ¶¶ 5, 8, 9, 50.) As to Plaintiff's retaliation claim, he alleges that he filed a series of discrimination claims against the Department of Veterans Affairs in July and August 2018; and that the VAMC and the Environmental Work Leader he worked under took actions against him when they, *inter alia*, went to his residence and accused him of having warrants out for his arrest, accused him of trying to steal from the employee "PX store," provided written counseling on April 18, 2018, provided a proposed notice of suspension on April 29, 2019, assigned him to clean a stairwell—a task he could not complete due to his handicap—and terminated him. (*Id.* at 2-8.)[2] Plaintiff further alleges that while he was terminated for the reasons stated in the April 29, 2019 notice of proposed suspension, that was a mere pretext for discrimination based on the series of "EEO claims" he filed in 2018. (*Id.* at 8-9.)

As to Plaintiff's hostile work environment harassment claim, he alleges that he is an African-American male, who filed a series of "EEO complaints" regarding discrimination

---

[1] Prior to the United States District Court for the District of Columbia transferring the case Defendant filed a motion to dismiss pursuant to Rule 12(b)(3) and Rule 12(b)(6). (*See* Docket Entry 10.)

[2] Unless otherwise noted, all citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

against him in 2018, and that he was subjected to unwelcomed verbal conduct—i.e., being accused of "writing up" his supervisors to EEO counselors, stealing, possessing alcohol and a knife on "VA property," and being terminated. (*Id.* at 5, 10.) Additionally, Plaintiff alleges that after he filed the EEO complaints the "harassment" complained of occurred, and that it was extremely difficult for him to complete his housekeeping duties due to the misrepresentations made about him and the work assignments he was given were impossible to complete based on his physical handicap. (*Id.* at 10, 11.) Moreover, Plaintiff alleges that he "received the EEOC's final decision" denying his claims on or around March 27, 2021 "via email." (*Id.* ¶ 51.) Plaintiff also attached several documents, including a page numbered "12" and titled "Right to File a Civil Action," stating, *inter alia*, that "Complainant may file a civil action within 90 days of receipt of this final decision if no appeal to EEOC has been filed," and it was digitally signed by the Director for the Office of Employment Discrimination Complaint Adjudication on February 3, 2021. (Docket Entry 1-6.)

Thereafter, Defendant filed a motion to dismiss and supporting brief on March 2, 2022. (Docket Entries 22, 23.) Plaintiff filed a response in opposition to Defendant's motion. (Docket Entries 27, 28.) Subsequently, this Court granted Plaintiff's counsels' Joint Consent Motion for Leave to Withdraw (Docket Entry 31; Text Order dated 12/12/2022), and Plaintiff is now proceeding *pro se* in this action.

## II. DISCUSSION

### A. <u>Statute of Limitations</u>

Defendant contends that Plaintiff's Complaint is barred by the statute of limitations because Plaintiff failed to initiate the instant action within ninety (90) days of the agency's final

3

decision. (*See* Docket Entry 23.) Specifically, Defendant argues that the agency issued its final decision on February 3, 2021, which included a right to sue letter, and although the final agency decision was emailed to Plaintiff, the notice nevertheless informed Plaintiff that receipt would be presumed within five days of mailing or by February 8, 2021. (*Id.* at 6-7.) Defendant thus contends that Plaintiff initiated the action more than 135 days from his receipt of the final agency decision. (*Id.*) In Defendant's motion, he cites to the "Final Agency Decision" attached to his prior motion to dismiss before the United States District Court for the District of Columbia, which includes the page numbered "12" attached to the Complaint, and a "Certification of Service," stating that "the foregoing Final Agency Decision was sent via electronic mail to the individuals and parties shown below . . . it shall be presumed that the parties received the foregoing Final Agency Decision within five (5) calendar days after the date it was sent via electronic mail," lists Plaintiff's email as one of the parties, and the following page reflects that it was digitally signed by a dispatcher and dispatched on February 3, 2021. (Docket Entry 10-3.)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does

4

not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of . . . factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). Further, "a defense of the statute of limitations may be raised in a Rule 12(b)(6) motion where that defense appears clearly on the face of the complaint." *Stewart v. Johnson*, 125 F.Supp.3d 554, 559 (M.D.N.C. 2015).

"Generally, a district court may not go beyond the complaint without converting it to a motion for summary judgment." *Id.* at 558. "However, 'a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed.'" *Id.* Further, "[i]n ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Young v. Fort Myer Constr. Corp.*, No. 20-cv-1765, 2021 WL 780729, at *1 (D.D.C. Mar. 1, 2021) (unpublished).

5

Title VII provides that "[w]ithin 90 days of receipt of notice of final action taken by a department, agency . . . or by the Equal Employment Opportunity Commission . . . an employee . . . may file a civil action." 42 U.S.C. § 2000e-16(c). "The date on which the claimant received the EEOC letter becomes critical in determining the commencement of the 90-day period. In ascertaining the delivery date, [the Fourth Circuit has] rejected an 'actual receipt' rule." *Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (per curiam). Rather, "delivery of a notice of right to sue trigger[s] the limitations period." *Id.* Additionally, "[f]inal agency decisions transmitted via email can satisfy the notice requirement." *Stewart*, 125 F.Supp.3d at 560.

Here, the undersigned will consider the "Right to File a Civil Action" page attached to Plaintiff's Complaint and the Final Agency Decision attached to Defendant's previous motion to dismiss—as neither party disputes the authenticity of the documents—to the extent the documents reflect February 3, 2021, as the date the notice of "Right to File a Civil Action" was issued to Plaintiff. *See Deabreu v. United Parcel Serv., Inc.*, No. TDC-18-1433, 2018 WL 6329316, at *2 (D. Md. Dec. 3, 2018) (unpublished) (the court took judicial notice of the official filings of the EEOC to the extent that they reflect the dates of the EEOC determinations and accompanying notices); *see also Fitten v. Whitley*, No. 2:21-cv-00513, 2021 WL 4776975, at *2 (E.D. Cal. Oct. 13, 2021) (unpublished) (noting that the court may also consider "records and reports of administrative bodies" on a Rule 12(b)(6) motion, which includes EEO administrative records to determine if a plaintiff timely filed suit or properly exhausted remedies), *report and recommendation adopted*, 2021 WL 5417605 (E.D. Cal. Nov. 19, 2021) (unpublished).

6

Further, it is undisputed that the "Right to File a Civil Action" notice was issued to Plaintiff on February 3, 2021, via email. (*See* Docket Entries, 1-6, 10-3, 23, 28.) In the Final Agency Decision, the certification of service stated that it would be presumed Plaintiff received the Final Agency Decision within five days after it was sent via electronic mail, thus Plaintiff is presumed to have received the decision by February 8, 2021. (*See* Docket Entry 10-3 at 13.) Therefore, giving Plaintiff five additional days to start the ninety-day window, he had until May 9, 2021 to initiate a civil action. Since May 9, 2021 was a Sunday, Plaintiff had until May 10, 2021 to file. Fed. R. Civ. P. 6(a)(1)(c) (when the period is stated in days include the last day of the period, but if the last day is a Sunday, the period continues to run until the end of the next day). Plaintiff filed suit over a month late, on June 25, 2021. However, Plaintiff contends that he did not receive the notice until March 27, 2021, because it was in his spam email folder and that is the date he checked his spam email following a discussion with his union. (*See* Docket Entry 28 at 4-10.) Thus, he argues that the ninety-day period should run from March 27, 2021. (*Id.*) Nonetheless, the fact that Plaintiff neglected to check his spam email does not change that he received delivery of his notice of right to sue via email on February 3, 2021, and that this receipt triggered the beginning of the ninety-day filing period. *See Wolfe v. Wps Health Sols., Inc.*, No. 4:20CV175, 2021 WL 1992027, at *3 (E.D. Va. Apr. 7, 2021) (unpublished) (noting that with respect to emails, courts within the Fourth Circuit have found that delivery of a notice of a right to sue via email also triggers the ninety-day filing period; concluding that the fact that plaintiff neglected to read her emails did not change the fact that she received delivery of her notice of right to sue via email on August 6, 2020, and that receipt triggered the start of the ninety-day filing period), *report and recommendation adopted*,

7

2021 WL 1991259 (E.D. Va. May 18, 2021) (unpublished). Therefore, Plaintiff's June 25, 2021 filing was untimely unless equitable tolling applies.

B. **Equitable Tolling**

The Fourth Circuit has held that district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987). However, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* In contrast, the Supreme Court has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* Thus, equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Plaintiff argues that the statute of limitations must be tolled because due to extraordinary circumstances outside of his control, he failed to receive adequate notice. (*See* Docket Entry 28 at 6-8.) Specifically, the "[e]xtraordinary circumstance that stood in Plaintiff's way of pursuing his rights was the pandemic, the EEOC sending notice only by email and the email being received in Plaintiff's junk or spam folder." (*See id.*) Here, the undersigned does not find that the right to sue notice being in Plaintiff's spam email folder warrants equitable

tolling, given that it merely reflects he neglected to monitor his personal email. *See Young*, 2021 WL 780729, at *1-2 (granting defendant's motion to dismiss because plaintiff's only plausible basis for tolling the statute of limitations was her claim that she discovered the right-to-sue letter in her email spam folder five days after, and even if true, the neglectful monitoring of a personal email account does not merit equitable tolling). Furthermore, Plaintiff discovered the email with his right to sue notice in his spam folder over a month before the ninety-day deadline, such that he had sufficient time to timely file suit. *See Boyd v. Monroe City Hall*, No. 3:20CV01473, 2021 WL 1305385, at *3-4 (W.D. La. Mar. 8, 2021) (unpublished) (noting that the court was not persuaded that the diversion of the right to sue letter to plaintiff's spam folder justified an extension of time for him to file his complaint, and plaintiff discovered the email in his spam folder nearly two months before the ninety-day deadline, such that the diversion did not actually cause him to miss the deadline to file suit), *report and recommendation adopted*, 2021 WL 1299204 (W.D. La. Apr. 7, 2021 (unpublished). Moreover, Plaintiff's argument that the pandemic interfered with his ability to pursue his rights, as the EEOC and other agencies sent notice via email is unavailing. *See Stevens v. Wells Fargo Bank*, No. 3:20-cv-00440, 2022 WL 22734, at *3 (W.D.N.C. Jan. 3, 2022) (unpublished) ("The Court understands that the COVID-19 pandemic has greatly impacted all Americans and is sympathetic to those harmed by the virus. . . . courts in the Fourth Circuit have tended to find that the pandemic alone, absent circumstances of individualized hardship, is insufficient to toll the statutory limitations period."); *Willard v. Indus. Air, Inc.*, No. 1:20CV00823, 2021 WL 309116, at *4-5 (M.D.N.C. Jan. 29, 2021) (unpublished) (noting that other courts "have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the

pandemic prevented the plaintiff from timely filing suit"; collecting cases). Thus, taken collectively, Plaintiff has failed to demonstrate that he exercised due diligence in pursuing his rights. As such, the undersigned concludes that the application of equitable tolling to his claims is inappropriate, and recommends his claims be dismissed as time-barred.[3]

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant Denis McDonough's motion to dismiss (Docket Entry 22) be **GRANTED** and that the claims against Defendant be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

February 13, 2023
Durham, North Carolina

---

[3]Defendant also argues that Plaintiff's failure to cooperate at the administrative level justifies dismissal of his Complaint, that Plaintiff failed to exhaust several discrete acts supporting his retaliation claim, that Plaintiff failed to allege a plausible basis for retaliation and a hostile work environment claim. (*See* Docket Entry 23.) However, given that the undersigned concludes that Plaintiff's Complaint is time-barred, the undersigned need not address the remaining arguments or the merits of Plaintiff's claims. *See Clarke v. United States*, 367 F.Supp.3d 72, 76 (S.D.N.Y. 2019) ("[I]t is well accepted that, '[where] a sufficient basis exists for dismissal of Plaintiffs' complaint on statute of limitations grounds, [the Court] need not address the merits of their claims.'") (citations omitted); *cf. Kelley v. Int'l Brotherhood of Teamsters, Loc. Union 71*, No. 4:11-cv-1268, 2013 WL 6826906, at *3 (D.S.C. Dec. 23, 2013) (unpublished) (concluding that the EEOC charge was filed more than 300 days after and was therefore untimely, and as a result, summary judgment was appropriate and the court need not address the merits of plaintiff's claim).